UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BURTON HIRSCHMAN, as Executor of the Estate of Steven Hirschman, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DCM SERVICES, LLC,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   BURTON HIRSCHMAN
   714 Sunderland Road
   Teaneck, New Jersey 07666

   DCM SERVICES, LLC
   7601 Penn Avenue S, Suite A600
   Minneapolis, Minnesota 55423

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, DCM SERVICES, LLC ("DCM SERVICES") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. DCM SERVICES maintains a location at 7601 Penn Avenue S, Suite A600, Minneapolis, Minnesota 55423.

8. DCM SERVICES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. DCM SERVICES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Classes are initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from DCM SERVICES, which included the alleged conduct and practices described herein.
> The class definitions may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.
>
> The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

       i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

       ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

       iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to June 25, 2021, Steven Hirschman allegedly incurred a financial obligation to OMNICARE OF EDISON ("OMNICARE").

19. The OMNICARE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Steven Hirschman incurred the OMNICARE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The OMNICARE obligation did not arise out of a transaction that was for non-personal use.

22. The OMNICARE obligation did not arise out of a transaction that was for business use.

23. The OMNICARE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. OMNICARE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Steven Hirschman passed away in March 2021.

26. The Essex Surrogates Court of the State - issued Letters of Testamentary to Plaintiff on May 6, 2021.

27. At some time prior to June 25, 2021, OMNICARE or an intermediary entity referred the OMNICARE obligation to DCM SERVICES for the purpose of collection.

28. At the time the OMNICARE obligation was allegedly referred to DCM SERVICES, the OMNICARE obligation was in default.

29. Defendants caused to be delivered to Plaintiff a letter dated June 25, 2021, which was addressed to The Estate of STEVEN HIRSHMAN – Attn: BURTON EHIRSHMAN. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The June 25, 2021 letter was sent in connection with the collection of the OMNICARE obligation.

31. The June 25, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The June 25, 2021 letter was the initial written communication that was received from Defendant.

33. Upon receipt, BURTON HIRSHMAN read the June 25, 2021 letter.

34. The June 25, 2021 letter provides the following information regarding the balance claimed due on the OMNICARE obligation:

Current Unpaid Balance:  $5,079.38

35. The June 25, 2021 letter stated in part:

> As of the date of this letter, the Estate owes an unpaid balance of $5079.38. Please note that the unpaid balance may change based on insurance payments or adjustments or **other invoices not yet billed**. We will inform you of any balance adjustments. (emphasis added)

36. The disclosure of the amount of the debt is required by 15 U.S.C. § 1692g(a)(1) of the FDCPA.

37. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

38. A debt collector has the obligation not just to convey the amount of the debt, but also to convey the amount of the debt clearly, effectively and accurately.

39. Threatening that the OMNICARE obligation was subject to increase due to other OMNICARE invoices not yet billed does not clearly and accurately state the amount of the debt due to OMNICARE.

40. Plaintiff and others similarly situated are left confused about the amount actually owed to the creditor.

41. The June 25, 2021 letter also stated in part:

> NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

42. On the reverse of the June 25, 2021 letter, it stated in part:

> When you provide a check as payment, you authorize us to either use the information from the check to make a one-time electronic transfer from that bank account, or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from that bank account as soon as the same day we receive payment, and you will not receive the check back.

43. The least sophisticated consumer would reasonably infer that in making this statement Defendant is reserving the right to process any check on the date of receipt as an "electronic fund transfer" irrespective of whether the check was postdated.

44. The least sophisticated consumer would reasonably understand that a check processed as an "electronic fund transfer" may therefore occur as soon as the date that Defendant receives the check, irrespective of postdating. Indeed, many banks routinely charge against the account of a customer a check that is otherwise payable but for the payment occurring prior to the date of the check.

45. The FDCPA, however, expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument. 15 U.S.C. §1692f(4).

46. DCM SERVICES knew or should have known that its actions violated the FDCPA.

47. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Using unfair or unconscionable means to collect or attempt to collect any debt;

   (c) Making a false representation of the character or amount of the debt; and

   (d) Failing to effectively convey the amount of the debt.

49. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

50. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

53. Defendants' letter would lead the least sophisticated consumer to be confused about the amount of the debt due to the creditor.

54. Defendants' attempt to collect the alleged debt as described herein violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10) and § 1692g(a)(1).

55. Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5);§ 1692e(10); § 1692f(4); and § 1692g(a)(1).

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

58. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

59. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

62. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take an action that cannot legally be taken or that is not intended to be taken.

63. Defendant's threat to deposit any payment made by check as soon as the same day that the check is received, even if the check is postdated, cannot be taken under the FDCPA.

64. Alternatively, Defendant did not intend to deposit a postdated check as soon as the same day that the check is received.

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

67. As described herein, Defendants violated 15 U.S.C. § 1692f et seq. by using unfair or unconscionable means to collect or attempt to collect the debt.

68. 15 U.S.C. § 1692f(4) prohibits a debt collector from depositing or threatening to deposit any postdated check or other postdated instrument prior to the date on such check or instrument.

69. Defendant violated 15 U.S.C. § 1692f(4) by threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

70. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

71. As described herein, Defendants violated 15 U.S.C. § 1692g(a)(1).

72. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

73. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

76. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

77. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

78. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 22, 2021    Respectfully submitted,

By:  *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: October 22, 2021

*s/ Joseph K. Jones*
*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

June 25, 2021

**Re: the Estate of STEVEN HIRSCHMAN**

Our Client:
Omnicare of Edison

Account #:
*********5959

Reference #:
▮▮▮▮▮046

Current Unpaid Balance:
$5079.38

Hours (CT): 7 am - 7 pm M-TH
7 am - 5 pm F

Telephone: 612-243-8717
Toll-Free: 844-678-6300
Fax: 877-326-8784

Dear Sir or Madam:

On behalf of our client Omnicare of Edison, we offer condolences for the loss of STEVEN HIRSCHMAN.

We are contacting you only in your capacity as Personal Representative or attorney for the Estate of STEVEN HIRSCHMAN. We are attempting to collect a balance due from the assets of the Estate and any information obtained will be used for that purpose. As of the date of this letter, the Estate owes an unpaid balance of $5079.38. Please note that the unpaid balance may change based on insurance payments or adjustments or other invoices not yet billed. We will inform you of any balance adjustments.

Please understand we are seeking payment from assets of the decedent's estate. You are not required to use your assets or assets you owned jointly with the decedent to pay the decedent's debts. Please accept this letter as a Notice of Claim on behalf of our client.

Payment options available to the Estate:

 Visit https://servicelink.dcmservices.com to manage the account and submit online payments. To log on, please enter:
- Reference #: ▮▮▮▮▮046
- PIN #: ▮▮▮▮

 Complete the payment slip below and mail it and a check made payable to DCM Services, LLC in the envelope provided. Do not send cash.

 Call us toll free at 1-844-678-6300 to speak with a representative.

Calls may be monitored or recorded for quality assurance purposes.

You have the right to dispute the validity of this debt or any portion of it. We will assume this debt to be valid unless you do so within 30 days after receipt of this letter. If you do so in writing within that time frame, we will obtain verification and mail it to you. If you send a written request within the same time frame, we will provide you with the name and address of the original creditor, if different from the current creditor.

We invite you to check out www.MyWayForward.com. This non-collection-related web site offers great information for those handling the final affairs of a person who has died. Topics range from requirements to well-being and remembering the deceased.

Respectfully,
DCM Services, LLC
Debt Collector

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION    -Side 1 of 2-**

***Detach Lower Portion and Return with Payment***

---

 **DCM SERVICES, LLC**
7601 PENN AVE S, SUITE A600
MINNEAPOLIS, MN 55423-5004

Reference #: ▮▮▮▮▮046     Client ID: QOMN31
Unpaid Balance: $5079.38
Checks Payable to: DCM Services, LLC

Amount Enclosed: $ _____

June 25, 2021

The Estate of STEVEN HIRSCHMAN
Attn: BURTON EHIRSCHMAN

DCM Services - Payment Processing
PO Box 9317
Minneapolis MN 55440-9317

1 of 1                                                         139346-1905-7

For important information regarding your privacy rights and the information DCM Services, LLC collects, please see our privacy policy located at https://www.dcmservices.com/privacy.

## NOTICE ABOUT ELECTRONIC CHECK CONVERSION

When you provide a check as payment, you authorize us to either use the information from the check to make a one-time electronic funds transfer from that bank account, or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from that bank account as soon as the same day we receive payment, and you will not receive the check back.

## FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or your spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

## FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Colorado Office Information: c/o 27 North Willerup, Suite B, Montrose, CO 81401, (970) 249-7514.

## FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

## FOR NEVADA RESIDENTS REGARDING HOSPITAL DEBT

If you pay or agree to pay the debt or any portion of the debt, such payment or agreement to pay may be construed as an acknowledgment of the debt and a waiver of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

## FOR NEW YORK CITY RESIDENTS

New York City Department of Consumer Affairs License Number: 1239504
To discuss this account, please call our toll-free number to speak with Tina Hanson. A representative will be able to assist you during our normal business hours.

## FOR NORTH CAROLINA RESIDENTS

North Carolina Permit Number: 119500997

## FOR TENNESSEE RESIDENTS

This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

## FOR WISCONSIN RESIDENTS

This Collection Agency is licensed by the Division of Banking, in the Wisconsin Department of Financial Institutions, www.wdfi.org.

## MINNESOTA LICENSING INFORMATION

This Collection Agency is licensed by MN Commerce Dept., 85 7th Pl. E., #280, St. Paul, MN 55101, License No. 20598440.